United States District Court
Southern District of Texas

**ENTERED**

June 15, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENIA MARIA CALVO-FLORES, | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. 4:26-cv-01174 |
| v. | § | |
| | § | |
| WARDEN, Houston Contract | § | |
| Detention Facility, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## **ORDER**

The petitioner, Kenia Maria Calvo-Flores, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials. Through counsel, she has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging her continued detention. (Dkt. No. 1). The federal respondents have filed a Response and Motion for Summary Judgment. (Dkt. No. 5). The petitioner has replied to the respondents' motion.[1] (Dkt. No. 6). Having considered the parties' arguments and the applicable legal authority, the Court denies the respondents' Motion for Summary Judgment and grants in part the petition for a writ of habeas corpus.

---

[1] The petitioner has filed a Motion for Leave to File Response to Respondents' Motion for Summary Judgment Instanter (Dkt. No. 6), along with the proposed response (Dkt. No. 6-2). The Court will grant the motion.

## I.    BACKGROUND

The petitioner, a citizen of Nicaragua, entered the United States without inspection in June 2022.  (Dkt. No. 1 at 1).  Upon entry, she was apprehended by immigration officials, processed, and released with instructions to report to ICE through their Intensive Supervision Appearance Program.  (*Id.*).  At some point ICE informed the petitioner that she was no longer required to report and removed the conditions of her release.  (*Id.*).  The petitioner obtained a valid Employment Authorization Document, filed income tax returns, and submitted an affirmative asylum application to United States Citizenship and Immigration Services that remains pending.  (*Id.* at 2).

On December 21, 2025, ICE arrested the petitioner while the petitioner "was pulling into her place of employment[.]"  (*Id.* at 6).  "ICE agents surrounded her vehicle, broke out her vehicle's windows, and forced her out.  ICE did not have a judicial arrest warrant.  ICE left her vehicle unsecured with the keys in or near the vehicle."  (*Id.* at 6–7).  She has been detained in ICE custody since that time.  The petitioner was served with a Notice to Appear, initiating removal proceedings and charging the petitioner as an alien present in the United States who has not been admitted or paroled.  (Dkt. No. 5-1).

The petitioner has no criminal history.  (Dkt. No. 1 at 5).  She holds a valid Employment Authorization Document and she files income tax returns with the IRS.  (*Id.*).

## II.    ANALYSIS

On February 6, 2026, in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) a divided panel of the Fifth Circuit decided the statutory question of whether noncitizens who were present in the United States and who had not been admitted or paroled were

2

subject to detention under 8 U.S.C. § 1225(b)(2).  The statutory question decided in *Buenrostro-Mendez* applies to the petitioner.  However, "*Buenrostro-Mendez* has no bearing on this Court's determination of whether [the petitioner] is being detained in violation of [the petitioner's] constitutional right to procedural due process." *Marceau v. Noem*, No. EP-26-CV-237-KC, 2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026).  The Court concludes that the petitioner's continued mandatory detention under § 1225(b), as applied to her, violates her due process rights.[2]

In several recent decisions this Court has addressed similar cases where the petitioner noncitizen was found to have acquired a liberty interest in being free from government detention without due process of law by virtue of living in the United States for a marked period of time and having established connections in this country. *See Jaimes Landeros v. Warden*, Civil No. 4:26-cv-694 (S.D. Tex., Apr. 27, 2026); *Perales Rios v. Warden*, Civil No. 4:26-cv-950 (S.D. Tex., Apr. 28, 2026); *Perez Garcia v. Warden*, Civil No. 4:26-cv-2027 (S.D. Tex., May 1, 2026); *Guerrero Gomez v. Warden*, Civil No. 4:26-cv-2192 (S.D. Tex. May 1, 2026); *Montes Espinoza v. Warden*, Civil No. 4:26-cv-3070 (S.D. Tex., May 14, 2026).  Similar to the reasons articulated in those cases, the Court finds that the petitioner in this case has a significant private interest in being free from physical detention, that the risk of erroneous deprivation of the petitioner's liberty interest is significant because she has not been afforded any opportunity to be heard regarding her confinement, and that the government's interest does not outweigh the first two factors.

---

[2] The Court, therefore, does not address the petitioner's other claims because the petition can be resolved on procedural due process grounds.

The Due Process Clause does not permit the government to "detain any noncitizen, no matter how long they have actually lived in the United States, for any length of time, without any individualized justification, [merely because] that person initially entered the country without lawful admission." *Rodriguez v. Frink*, No. 4:26-CV-00798, 2026 WL 709487, at *10 (S.D. Tex. Mar. 13, 2026). The petitioner's continued mandatory detention under § 1225(b), as applied to her, violates her due process rights and the petitioner is entitled to relief.

### III.     APPROPRIATE RELIEF

"Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). "The typical remedy for such detention is, of course, release." *Id.*; *see also Preiser*, 411 U.S. at 484 ("[T]he traditional function of the writ is to secure release from illegal custody.").

When a noncitizen "has demonstrated a profound liberty interest in his [or her] freedom from civil detention and a concrete, ongoing deprivation of that liberty without any process provided by Respondents to justify his detention . . . immediate release is appropriate." *Cruz-Reyes v. Bondi*, No. 5:26-CV-60, 2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026). "[A] bond 'hearing is no substitute for the requirement that ICE engage in a deliberative process prior to, or contemporaneous with, the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause.'" *Id.* (quoting *Gonzalez v. Joyce*, 2025 WL 2961626, at *5 (S.D.N.Y. Oct. 19, 2025)) (internal quotation marks omitted); *see also Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 319–20 (E.D.N.Y. 2025) ("[A] post-deprivation bond hearing before a DHS officer or even an

4

immigration judge would provide no genuine opportunity to relief because the detention without adequate pre-deprivation procedures has already been carried out.") (citations omitted).

The Court determines that immediate release is the appropriate relief for the unlawful detention in this case. *See, e.g.*, *Aroca*, 2026 WL 357872, at \*19 ("Petitioners have met their burden of proving that they are being held contrary to law [under the Due Process Clause]. Accordingly, Petitioners' immediate release is warranted.") (internal citation omitted); *Angel v. Noem*, No. 1:26-CV-00384-DAE, 2026 WL 594368, at \*5 (W.D. Tex. Mar. 3, 2026) (holding that the petitioner's procedural due process rights had been violated and that immediate release is the appropriate remedy).

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1.  The respondents' Response and Motion for Summary Judgment (Dkt. No. 5) is **DENIED.**

2.  The petitioner's Motion for Leave to File Response to Respondents' Motion for Summary Judgment Instanter (Dkt. No. 6) is **GRANTED**.

3.  The petition for a writ of habeas corpus filed by Kenia Maria Calvo-Flores (Dkt. No. 1) is **GRANTED**.

4.  Any other pending motions are **DENIED as moot**.

5.  The respondents are **ORDERED** to release Kenia Maria Calvo-Flores from custody, under conditions of release (if any) no more restrictive than those in place prior to the detention at issue in this case, **within 24 hours of entry of this Order**. The petitioner must be released in a public place within the Southern District of Texas, and the respondents must notify the petitioner's counsel of the exact location and exact time of the petitioner's release **as soon as practicable and no less than three hours before her release**.

6.     The respondents are **ORDERED** to return to the petitioner, at the time of her release from custody, any and all identification documents taken from her at the time of or during her detention.

7.     If the respondents seek to re-detain the petitioner during the pendency of her removal proceedings, they must provide notice to the petitioner and a pre-detention hearing before an immigration judge at which the government demonstrates, by clear and convincing evidence, that she is a flight risk or a danger to the community. The respondents similarly may not subject the petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

8.     The parties are further **ORDERED** to **CONFER** and **FILE** a joint status report **within five (5) days of the date of this Order**, confirming that the petitioner has been released and indicating whether this case may be closed.

The Clerk shall send a copy of this Order to the parties.

It is so ORDERED.

SIGNED on June 15, 2026, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge

6